IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEDON BROWN,

      Petitioner,                    No. CIV S-06-1348 LKK EFB P

    vs.

K. CLARK, Warden,

      Respondent.                <u>ORDER</u>

_____/

        On June 16, 2006, petitioner, a state prisoner without counsel, filed a petition for a writ of corpus challenging the procedures utilized at a December 21, 2005, parole revocation hearing. *See* 28 U.S.C. § 2254. Petitioner was found to have violated the terms of his parole and he was sentenced to ten months in prison. He requests that the court order his immediate release from custody.

        The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 proceedings and, for the reasons stated below, the finds that it lacks jurisdiction over this matter.

        Federal courts have jurisdiction to hear cases and controversies. U.S. Const. art. III, § 2. The issues must remain live throughout all stages of the proceeding. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). An action becomes moot when the issues are no longer

1 live, meaning the parties lack a legally cognizable interest in the outcome. *Powell v.*
2 *McCormack*, 395 U.S. 486, 496 (1969). A challenge to the decision to revoke parole becomes
3 moot when the prisoner has completed the term of incarceration imposed as a result of that
4 decision, unless the petitioner can demonstrate that the decision will result in a legal
5 disadvantage or disability attributable to the parole revocation. *Spencer v. Kemna*, 523 U.S. 1, 8,
6 14 (1998).

7     The only exception to the bar of a federal court hearing a moot action is when the case is
8 capable of repetition yet evading review. *Spencer*, 523 U.S. at 17. This exception is satisfied by
9 showing (1) the challenged action is of such short duration that it cannot be fully litigated before
10 cessation; and (2) there is a reasonable expectation that the same complaining party will be
11 subject to the same action again. *Id.* at 17.

12     On September 25, 2006, petitioner filed a notice that his address changed to a residential
13 location. It appears that petitioner has been released from custody and if that is the case, this
14 court cannot grant habeas corpus relief.

15     Accordingly, it is ORDERED that within 30 days of the date this order is served,
16 petitioner may file a written explanation of why this action is not moot or the injury is capable of
17 repetition yet evading review. Failure to make such a showing will result in a recommendation
18 that this action be dismissed upon the ground it is moot.

19 Dated: November 13, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE